UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL A. FOSTER, II, ) | |
| ) | |
| Petitioner, ) | |
| v.   ) | Case No. 2:13-cv-0288-JMS-DKL |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Michael A. Foster, II, for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE13-04-0131. For the reasons explained in this Entry, Foster's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B.  The Disciplinary Proceeding

On April 29, 2013, Officer J. Ayers wrote a Report of Conduct in case WVE 13-04-0131 charging Foster with assault and battery. The Report of Conduct states:

> On April 28, 2013 at approximately 8:34 p.m., multiple assaults occurred on the left wing of G-Housing Unit. Upon viewing video, on April 29, 2013 at 9:00 a.m., I Officer J. Ayers, observed offender Michael Foster # 167531 assault offender Frank Price #26321 at 8:34 p.m., on April 28, 2013, by throwing punches at him.

On April 30, 2013, Foster was notified of the charge of assault and battery and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Foster was notified of his rights, pled not guilty and requested the appointment of a lay advocate. When given the opportunity to request witnesses at screening Foster stated that he would bring his own statements to the hearing. He did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in WVE 13-04-0131 on May 3, 2013, and found Foster guilty of the charge of assault and battery. In making this determination, the hearing officer considered the offender's statements, staff reports, and written witness statements. The hearing officer imposed the following sanctions: a written reprimand, a one month loss of phone privileges, a 45 day deprivation of earned credit time, and a suspended demotion from credit class I to credit class II. These sanctions were imposed because of the seriousness of the offense and the likelihood of the sanctions having a corrective effect on the offender's future behavior.

Foster appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Foster asserts the following claims: 1) his right to request witnesses was violated; 2) his right to present documentary evidence was violated; 3) the decision maker who conducted his hearing was not impartial; and 4) the victim, Offender Price, was identified with the wrong inmate number so it was an invalid identification.

Foster first argues that he requested a witness statement from offender Frank Price, the alleged victim of his assault, who he expected to state that Foster was innocent. Foster, however, did not, in fact, request any witnesses when he was screened. He said that he would bring his own statements to the hearing. [Dkt. 9-4.] Foster has not shown that he was improperly denied his right to call witnesses.

Similarly, Foster contends that he wants the DVD recording of the incident to be reviewed. Contrary to his allegation, Foster was not denied the opportunity to request physical evidence. He did not request such evidence when he was screened. [Dkt 9-4.]

Foster next argues that he was denied his right to a fair hearing before an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d at 660, 667 (7th Cir. 2003). Foster does not assert that the hearing officer in this case had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. Therefore, this claim fails.

Finally, Foster contends that the prison identification number of alleged victim, Frank Price, was mistyped in the conduct report, and therefore there was a misidentification problem. Foster has not explained how any alleged typographical error in the conduct report violated his due process rights. The Court has generously construed his claim as one of insufficient evidence.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff,* 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). In this case, the hearing officer could reasonably conclude from the content of the conduct report and the offender statements that Foster was guilty of assault of another offender. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Foster's claim based on insufficiency of the evidence fails.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and

there was no constitutional infirmity in the proceedings. Accordingly, Foster's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: __12/16/2013__

*[Signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael A. Foster, II
DOC #167531
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel